UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HOLLY ANN HOOKS** | **CASE NO.** |
| **VERSUS** | |
| **AMERICAN BANK & TRUST COMPANY** | |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Holly Ann Hooks ("Ms. Hooks"), an individual of the full age of majority who brings this *Complaint* against American Bank & Trust Company, and alleges as follows:

1.

Made Defendant herein and liable unto Ms. Hooks American Bank & Trust Company, a bank charted under the laws of the State of Louisiana, that does business as American Bank & Trust Company (hereinafter referred to as "American Bank") with its principal business establishment at 321 East Landry Street, Opelousas, LA 70570.

### *JURISDICTION AND VENUE*

2.

This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because Ms. Hooks files this action pursuant to the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq*.

3.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this district. Specifically, Defendant is a resident of the Parish of St. Landry, State of Louisiana.

**VIOLATION OF THE FAMILY MEDICAL LEAVE ACT**

4.

Ms. Hooks was hired by American Bank in or about December of 2006 as a teller and then was promoted to an accounting clerk. Ms. Hooks held that position continuously until March 12, 2020 on which date American Bank terminated Ms. Hooks.

5.

In November of 2019, Ms. Hooks' mother, Sharon Faye Hooks, was diagnosed with stage four angiosarcoma of the breast, which is a deadly form of cancer, and began to take chemotherapy treatments.

6.

Upon receiving the news that her mother was facing a deadly diagnosis, in January of 2020, Ms. Hooks inquired with American Bank's human resources personnel about the availability of taking FMLA leave to care for her dying mother. Immediately after inquiring about FMLA leave, Ms. Hooks was informed that she was on probation for poor job performance. Ms. Hooks did not receive notification prior to her inquiry about FMLA leave that she had any job performance issues. In fear of retaliation, Ms. Hooks did not follow up with the FMLA leave.

7.

Unfortunately, in February of 2020, Ms. Hooks and Sharon Faye Hooks were informed that the chemotherapy treatments were not working and that Sharon Faye Hooks had approximately six months to live. Despite the dire diagnosis, Sharon Faye Hooks required continued care from several health care providers.

8.

On March 12, 2020, after struggling to deal with her mother's health issues, Ms. Hooks formally requested to take FMLA leave from American Bank through Cindy Pefferkorn. This request occurred at approximately 12:30 p.m. on March 12, 2020. Ms. Pefferkorn instructed Ms. Hooks that she will go to her office to get the required paperwork. At about 3:00 p.m. on March 12, 2020, Ms. Hooks was informed that she was being terminated effective immediately.

9.

The FMLA requires covered employers to provide eligible employees with up to 12 weeks of protected, unpaid leave for caring for the parent of an employee if such parent has a serious health condition. 29 U.S.C. § 2612(a)(1)(C).

10.

The FMLA's Interference Clause prohibits employers from interfering with, restraining, or denying the exercise or the attempt to exercise, any right provided by the FMLA. 29 U.S.C. §2615(a)(1). American Bank interfered with Ms. Hooks' ability to exercise her FMLA rights in January of 2020 under the thinly veiled threat of losing her job. Then American Bank again violated the Interference Clause of the FMLA when it terminated Ms. Hooks a mere two and a half hours after she requested the paperwork to receive FMLA leave.

11.

The FMLA's Retaliation Clause prohibits employers from discriminating or retaliating against an employee for exercising her rights under the FMLA. 29 U.S.C. §2615(a)(2). American Bank retaliated against Ms. Hooks, in violation of the Retaliation Clause of the FMLA, when it terminated Ms. Hooks' employment a mere two and a half hours after she requested paperwork to receive FMLA lease.

12.

Ms. Hooks is an "eligible employee" pursuant to 29 U.S.C. § 2611 because Ms. Hooks had worked for American Bank for more than twelve (12) months with a least 1,250 hours of service during the previous twelve-month period.

13.

American Bank is an "employer" pursuant to 29 U.S.C. § 2611 because American Bank is engaged in commerce or in an industry or activity affecting commerce who employs fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year. Specifically, American Bank is an FDIC backed lending institution. American Bank's lending practices have a direct effect on commerce by providing individuals and companies with liquidity to start or maintain commercial activities. Upon information and belief, American Bank uses computers, software, and other equipment that was produced and placed in interstate commerce.

14.

Sharon Faye Hooks is Ms. Hooks' biological mother.

15.

Sharon Faye Hooks' diagnosis of stage four angiosarcoma breast cancer is a serious health condition, which is a qualifying condition that entitles Ms. Hooks leave under the FMLA. 29 U.S.C. § 2611. Specifically, Sharon Faye Hook requires continuing treatment by a health care provider in connection with her cancer diagnosis.

16.

As a direct result of American Bank's interference and retaliation with Ms. Hooks' clear and unequivocal attempt to take protected FMLA leave, Ms. Hooks suffered prejudice, most notably by virtue of her sudden and unexpected termination, which ultimately resulted in monetary loss, loss of future earning capacity, embarrassment, and mental pain and suffering.

17.

American Bank's retaliatory conduct and interference with Ms. Hooks' ability to exercise FMLA lease were imparted in bad faith and in reckless disregard of the established rights of Ms. Hooks.

18.

Ms. Hooks is entitled to damages from American Bank's violation of the FMLA, including:

A. Back pay, including wages, overtime, and benefits from March 12, 2020 until the date of trial;

B. Front pay, including wages, overtime, and benefits from the date of trial until a time established by the Court;

C. Interest;

D. Reasonable attorney's fees;

E.  Liquidated damages; and

F.  Costs.

**WHEREFORE**, Ms. Hooks prays that there be service and citation upon American Bank, and that after all legal delays and proceedings that there by a judgment rendered in favor of Ms. Hooks and against American Bank for back pay, lost employment benefits, front pay, liquidated damages, reasonable attorney's fees, interest, costs, and any and all other relief to which she may be entitled at law or in equity under these premises.

Respectfully Submitted:

**BLACKWELL & BULLMAN, LLC**

*/s/James R. Bullman*
James R. Bullman, Bar Roll No. 35064 –T.A.
Brian F. Blackwell, Bar Roll No. 18119
8322 One Calais Ave.,
Baton Rouge, LA 70809
Telephone: 225-769-2462
Facsimile: 225-769-2463
Email: james@blackwell-bullman.com
*Attorneys for Plaintiff*